# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 6, 2015

## STATE OF TENNESSEE v. DENNIS SPRAWLING

**Appeal from the Criminal Court for Shelby County**
**No. 1401576     Carolyn W. Blackett, Judge**

_____

**No. W2014-02511-CCA-R9-CD  -  Filed July 5, 2016**

_____

ROBERT L. HOLLOWAY, JR., J., concurring.

Although I concur with the majority's conclusion that the trial court did not err in suppressing the Defendant's blood test results and agree that the trial court's judgment should be affirmed, I write separately because I cannot agree with the inclusion of two sentences in the majority opinion concerning the adoption of a good faith exception to the exclusionary rule in Tennessee.  The first sentence is: "We believe that Tennesseans have adjusted well for over three decades under our State's constitution without adoption of any good faith exception…."  The second sentence is: "We should not alter Tennessee Law."

Whether to adopt a good faith exception is currently pending before the Tennessee Supreme Court, see Order, State v. Corrin Kathleen Reynolds, No. E2013-02309-SC-R11-CD (Tenn. Mar 16, 2015), and panels of this court "have previously stated that 'neither the trial court nor this court has the authority to create a good faith exception to the Tennessee exclusionary rule since an inferior court may not modify, revise, modernize, or overrule a rule created by the Supreme Court.'"  State v. Jerry Brandon Phifer, No. M2013-01401-CCA-R3-CD, 2014 WL 4698499, at *16 (Tenn. Crim. App. Sept. 23, 2014) (quoting State v. Lonnie Taylor, No. 86-144-III, 1987 WL 25417, at *7 (Tenn. Crim. App. Dec. 4, 1987)); State v. Helkie Nathan Carter, No. M2015-00280-CCA-R9-CD, 2016 WL 3044216, at *7 (Tenn. Crim. App. May 20, 2016).

The Court of Criminal Appeals is '"an error-correcting intermediate appellate court."'  Jerry Brandon Phifer, 2014 WL 4698499, at *16 (quoting Alsip v. Johnson City Med. Ctr., No. E2004-00831-COA-R9-CV, 2005 WL 1536192, at *1 (Tenn. Ct. App. June 30, 2005), aff'd, 197 S.W.3d 722 (Tenn. 2006)).  Here "[t]he State, in a footnote in its brief, asserts that this case is an appropriate case

for application of the so called 'good faith exception[.]"' If we determine that in our role as an error-correcting court that we should address the State's assertion, in my opinion we should simply opine that our court does not have the authority to create a good faith exception to the Tennessee exclusionary rule based on well established case law.

_____
ROBERT L. HOLLOWAY, JR., JUDGE